No. 22-2289

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**PHILLIP ALIG, ET AL.**

*Plaintiffs-Appellees,*

v.

**ROCKET MORTGAGE, LLC, ET AL.**

*Defendants-Appellants.*

On Appeal from a Judgment of the United States District Court
for the Northern District of West Virginia, No. 5:12-cv-00114 (Bailey, J.)

## UNOPPOSED MOTION TO GOVERN BRIEFING

This is an appeal following a remand by this Court in appellants' previous appeal, No. 19-1059.

For the following reasons, defendants-appellants Rocket Mortgage, LLC f/k/a Quicken Loans, Inc. and Amrock, LLC f/k/a Title Source, Inc. (collectively, Defendants) respectfully request that the Court: (1) allow the parties to incorporate by reference portions of the briefing they previously filed in No. 19-1059; (2) subject to the foregoing, limit the new briefing in this appeal to the issue that this Court remanded to the

district court; (3) extend the deadline for appellants to file their opening brief from February 13, 2023, to 30 days after the Court rules on this motion; and (4) allow the parties to use a deferred appendix. Defendants have conferred with counsel for plaintiffs-appellees Phillip Alig, Sara J. Alig, Roxanne Shea, and Daniel V. Shea (collectively, Plaintiffs), and Plaintiffs assent to the relief sought by this motion.

1. This case has been before this Court on appeal twice before (No. 12-342 and No. 19-1059), both times before a panel of Judges Niemeyer, Wynn, and Floyd, and has generated three published opinions. *Quicken Loans Inc. v. Alig*, 737 F.3d 960 (4th Cir. 2013); *Alig v. Quicken Loans Inc.*, 990 F.3d 782 (4th Cir. 2021), *vacated sub nom. Rocket Mortg., LLC v. Alig*, 142 S. Ct. 748 (2022), *on remand, Alig v. Rocket Mortg., LLC*, 52 F.4th 167, 168 (4th Cir. 2022).

Plaintiffs sued Defendants in 2011, alleging, among other claims, that Defendants' practice of passing on the "Applicant's Estimated Value" to an appraisal company in connection with refinancing transactions entitled Plaintiffs to recover under the West Virginia Consumer Credit Protection Act ("WVCCPA"), for breach of contract, and for civil

2

conspiracy. Defendants removed the case to the U.S. District Court for the Northern District of West Virginia. *See* 737 F.3d at 963.

The district court certified the class and granted summary judgment to Plaintiffs on the three claims discussed above. The court later awarded the class statutory penalties for violation of the WVCCPA, totaling approximately $9.7 million, and restitution as relief for the contract claim, totaling approximately $970,000. The district court entered judgment on December 14, 2018.

Defendants appealed to this Court (No. 19-1059). They raised multiple arguments, which generally fell into three broad categories pertaining to (1) the WVCCPA claim, (2) the breach-of-contract claim, and (3) class certification. One of the arguments regarding class certification was that unnamed class members had not established Article III standing and could not do so by common evidence, and that the class certification and class-wide judgment should therefore be reversed.

In a published opinion issued March 10, 2021, this Court affirmed the district court's grant of class certification; vacated and remanded the district court's decision with respect to the breach-of-contract claim and

3

the related damages award; and affirmed judgment for Plaintiffs on the WVCCPA claim. 990 F.3d at 791-92, 808. Judge Niemeyer dissented. *Id.* at 808.

Defendants petitioned for a writ of certiorari. The Supreme Court granted the petition, vacated this Court's decision, and remanded for further consideration in light of its decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), which concerned Article III standing in a class action. *See* 142 S. Ct. at 748. The Supreme Court's judgment issued to this Court on February 11, 2022.

On remand, after receiving further briefing and holding a second oral argument, this Court issued a new opinion. The Court stated that *TransUnion* made "clear that, to recover damages from Quicken Loans, every class member must have Article III standing for each claim that they press, requiring proof that they suffered concrete harm from the challenged conduct." 52 F.4th at 168 (quoting *TransUnion*, 141 S. Ct. at 2208) (internal alteration and quotation marks omitted). This Court "conclude[d] that the district court should apply *TransUnion* to the facts of this case in the first instance." *Id.* It vacated the district court's decision and remanded for further proceedings. *Id.*

4

Although the Supreme Court had vacated this Court's prior decision in its entirety, this Court did not reissue the portions of its previous opinion that had vacated the judgment on the breach-of-contract claim and affirmed the judgment on the WVCCPA and civil conspiracy claims. This Court's mandate issued on November 21, 2022.

One week after receiving this Court's mandate and without requesting briefing from either party, the district court issued a decision "find[ing] that nothing in *TransUnion* changes the findings of the majority of the Fourth Circuit panel" and concluding that the "Fourth Circuit panel should therefore reissue its prior opinion, with the added clarification that nothing in *TransUnion* alters this settled basis for Article III standing." No. 5:12-cv-114, ECF No. 453 at 10 (N.D. W. Va. Nov. 28, 2022). The district court then issued an order that "reinstate[d] the original judgment" from December 2018. No. 5:12-cv-114, ECF No. 456 (N.D. W. Va. Dec. 12, 2022).

Defendants again appealed to this Court.

2. Because the Supreme Court vacated this Court's decision in No. 19-1059 in its entirety and because the district court "reinstate[d] the original judgment," No. 5:12-cv-114, ECF No. 456, every issue raised in

5

the "reinstated" judgment remains live. These issues include the district court's class certification, WVCCPA, and breach-of-contract decisions, all of which the parties briefed in the appeal in No. 19-1059 and this Court addressed in its March 2021 decision. To avoid burdening this Court with briefs that are duplicative of the original briefs filed in No. 19-1059, Defendants respectfully request that the parties be permitted to incorporate by reference their No. 19-1059 briefing in this appeal, No. 22-2289. Incorporating by reference the No. 19-1059 briefing would allow the parties to limit their briefing in this appeal to the issue that this Court remanded to the district court. Although both sides intend to maintain their positions with respect to the other aspects of the judgment (positions that the Court addressed in its March 2021 decision), both sides agree that the Court will benefit by not requiring the parties to re-brief those issues. By contrast, if the parties are required to repeat their prior briefing and also address the remanded issue thoroughly, they may need to seek permission to file expanded briefs.

Given that the Court's decision on this motion will necessarily affect how the parties structure their briefing and whether they need to seek permission to exceed the word limits, Defendants also request that the

6

deadline for Defendants to file their opening brief be extended from February 13, 2023, until 30 days after the Court rules on this motion. Defendants have not previously sought any extension for this brief, and extending this deadline will not prejudice either party.

Defendants also respectfully request that this Court allow them to proceed with a deferred appendix, pursuant to Fed. R. App. P. 30(c). Deferring the appendix would allow the parties to tailor the appendix to the portions of the record on which they rely in their briefing, which would also be affected by this Court's decision on whether the parties may incorporate by reference their briefing from No. 19-1059. The parties successfully used a deferred appendix in the previous appeal.

3.   Defendants have discussed the relief sought by this motion with counsel for Plaintiffs and provided a draft of the motion for Plaintiffs' counsel to review. Plaintiffs assent to the relief sought by this motion.

4.   For these reasons, Defendants respectfully request that the Court: (1) allow the parties to incorporate by reference the briefing they previously filed in No. 19-1059; (2) subject to the foregoing, limit the new briefing in this appeal to the issue that this Court remanded to the

7

district court; (3) extend the deadline for Defendants to file their opening brief from February 13, 2023, to 30 days after the Court rules on this motion; and (4) allow the parties to use a deferred appendix.

February 3, 2023                    Respectfully submitted.

                                           /s/ *William M. Jay*
                                        William M. Jay
                                        GOODWIN PROCTER LLP
                                        1900 N St., N.W.
                                        Washington, D.C. 20036
                                        (202) 346-4190

                                        *Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,302 words, excluding the portions exempted by Rule 32(f).  This motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font as provided by Rule 32(a)(5)–(6).

February 3, 2023                              /s/ *William M. Jay*  
                                                                         William M. Jay

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

February 3, 2023                    /s/ *William M. Jay*
                                    William M. Jay